# United States District Court
## Western District of Louisiana
## Alexandria Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: 06-10004-01 |
|  | USM Number: |
| JO ANN LESSING | George Higgins, III |
|  | Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count 1 of the Bill of Information.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Count Number | Date Offense Concluded |
|---|---|---|---|
| 18 § 641 | Theft of government money or property | 1 | 12/31/03 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in the defendant's economic circumstances.

November 14, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

DEE D. DRELL, United States District Judge
Name & Title of Judicial Officer

11/17/06
Date

COPY SENT:
DATE: 11/17/06
BY: mel
TO: USP Financial
USM

DEFENDANT:        JO ANN LESSING
CASE NUMBER:   06-10004-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **twenty-two (22) months**.

[✓]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      before 2 p.m. on **Tuesday, January 16, 2007.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      JO ANN LESSING
CASE NUMBER:    06-10004-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

# MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [✓]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

8. [ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

10. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JO ANN LESSING
CASE NUMBER: 06-10004-01

# SPECIAL CONDITIONS OF SUPERVISION (SP)

1. Defendant shall apply any federal income tax refund received during the period of supervision toward any unpaid court ordered monetary obligation including restitution.

2. Defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide U. S. Probation which all requested financial documentation. She shall report all household income including that of her husband to the U. S. Probation Office as requested.

3. Defendant shall pay any portion of the restitution that remains unpaid at the commencement of supervision in monthly payments of $7,200 per mon th beginning within 30 days of release from imprisonment.

AO245B  Judgment in a Criminal Case (Rev.06/05)
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 5

DEFENDANT: JO ANN LESSING
CASE NUMBER: 06-10004-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ N/A | $$175,230.58 |

[✓] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Lexington House Nursing Home |  | $175,230.58 |  |
| TOTALS: | $_ | $175,230.58 |  |

[✓] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✓] The interest requirement is waived for the restitution.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

[✓] Payment to begin immediately

[✓] Special instructions regarding the payment of criminal monetary penalties:

Defendant shall apply any federal income tax refund received during the period of supervision toward any unpaid court ordered monetary obligation including restitution. Defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide U. S. Probation which all requested financial documentation. She shall report all household income including that of her husband to the U. S. Probation Office as requested. Defendant shall pay any portion of the restitution that remains unpaid at the commencement of supervision in monthly payments of $7,200 per mon th beginning within 30 days of release from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5)fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.